UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NELSON G. AGUIRRE, : 06 CV 304 (ARR)
:
                Petitioner, : NOT FOR ELECTRONIC
: OR PRINT
   -against- : PUBLICATION
:
UNITED STATES OF AMERICA, : OPINION AND ORDER
:
                Respondent. :
:
------------------------------------------------------------------ X

ROSS, United States District Judge:

By petition filed on January 12, 2006, pro se petitioner Nelson Aguirre ("petitioner" or "Mr. Aguirre") seeks a writ of habeas corpus under 28 U.S.C. § 2255. Petitioner argues that he is entitled to habeas relief because (1) the court allegedly committed constitutional error under United States v. Booker, 543 U.S. 220 (2005), by imposing a sentence of 108 months instead of his Guidelines range of 70-87 months and (2) the court allegedly committed statutory error by sentencing petitioner under the mandatory Guidelines system. The government opposes petitioner's claims on the grounds that they are untimely, they were waived at sentencing, and they are meritless because he is not entitled to retroactive application of Booker and, in any event, his sentence was correctly calculated. For the reasons explained below, the court finds that Mr. Aguirre's petition is time-barred and, thus, should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, provides in relevant part that:

1

> A one-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the one-year period of limitation begins to run when the period for seeking certiorari expires. Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Petitioner's conviction became final on approximately September 3, 2003, ninety days after the Court of Appeals for the Second Circuit denied the appeal of his conviction. Petitioner filed the instant petition on January 12, 2006, more than two years after the date his conviction became final.

In his reply brief, petitioner argues that because he filed a motion to correct or modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) on November 18, 2003, the instant habeas petition, which is based on related claims, is timely. Petitioner's argument is meritless. This court did not construe petitioner's § 3582 motion as a habeas petition pursuant to 28 U.S.C. § 2255. Thus, petitioner cannot reasonably claim that the instant petition is timely because his § 3582 motion was timely.

Petitioner also argues that his petition is timely under § 2255(3) because it was filed within one year of the date on which the Supreme Court recognized the rights asserted pursuant to Booker.[1] However, the Second Circuit has conclusively held that Booker is not retroactive and, therefore, does not apply to cases on collateral review where the petitioner's conviction was final as of January 12, 2005, the date on which Booker was decided. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). Given that Booker has not been made retroactively applicable to plaintiff's claims and plaintiff has presented no facts or circumstances warranting equitable tolling, the court must dismiss plaintiff's claims as time-barred. See, e.g., Iacobelli v. United States, No. 04 Civ. 3275, 2006 WL 1026440, at *1 n.5 (E.D.N.Y. Apr. 13, 2006); Fares v. United States, No. 04 Civ. 6922, 2005 WL 1896314, at *2 n.1 (S.D.N.Y. Aug. 10, 2005).

In any event, petitioner's claims lack merit. As stated above, his claims are purportedly based on rights recognized by the Supreme Court in Booker, a decision that cannot be applied retroactively to cases on collateral review where the conviction was final as of January 12, 2005. See Guzman, 404 F.3d at 144. Here, petitioner's conviction was final on approximately September 3, 2003. Consequently, Booker is not retroactively applicable to petitioner's claims and, thus, petitioner fails to state a claim upon which habeas relief could be granted. See, e.g., Fuse v. United States, No. 04 Civ. 7986, 2005 WL 2173743, at *3 (S.D.N.Y. Sept. 7, 2005).

## CONCLUSION

For the foregoing reasons, the court dismissed the instant petition as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing

---

[1] Petitioner also relies on Blakely v. Washington, 542 U.S. 296 (2004). However, the Second Circuit has also concluded that Blakely is not retroactively applicable to cases on collateral review. See Green v. United States, 397 F.3d 101, 102-03 (2d Cir. 2005).

3

of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross<br>
United States District Judge

Dated: May 2, 2006
      Brooklyn, New York

SERVICE LIST:

*Pro Se* Petitioner
Nelson G. Aguirre
Reg #59839-053
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

Attorney for Respondent
Emily Berger
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201